REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Haberman:
You have informed us that LB 46 was amended on select file to allow NRDs an increase in taxing authority from one-quarter to one-half mill. You then pose the following question: `Can a NRD exceed the 7 percent budget limitation imposed by statute on the new one-quarter mill increase?'
We believe that the amendment to which you refer is Request No. 2349 printed on page 1630 of the Legislative Journal. That amendment provides:
 Each district encompassed in whole or in part by a control area designated pursuant to subdivision (1)(a) or (1)(b) of section 46-658 shall have the power and authority to levy a tax not to exceed one and eight-tenths cents on each one hundred dollars annually on all of the taxable property within the portion of the district encompassed by such control area, except that if any land is designated as a control area under both subdivision (1)(a) and subdivision (1)(b) of section 46-658 the tax levied shall not exceed two and seven-tenths cents on each one hundred dollars annually. Such levy, which shall be in addition to that authorized by section 2-3225, shall be utilized only for the costs of carrying out the provisions of sections 46-656 to 46-674 and section 10 of this act, within such control area. Certification and collection of such levy shall be administered by the district and by the county or counties involved in the same manner as the levy authorized by section 2-3225.
Neb.Rev.Stat. § 77-3426 (Supp. 1980) in part provides:
 Any political subdivision that is authorized by state law to levy a tax or cause a tax to be levied, which tax or portion thereof is in addition to the tax such political subdivision is authorized to levy or cause to be levied on May 17, 1979, shall not include as a receipt from local tax sources the anticipated receipts from such newly authorized levy during the first fiscal year for which such newly authorized levy generates tax receipts, but thereafter the receipts from such newly authorized tax shall be included in determining receipts from local tax sources.
Clearly the amendment which was adopted to LB 46 is an amendment which increases the amount of tax that natural resource districts, which are bodies authorized to levy a tax, could levy as of May 17, 1979. Obviously any levy imposed under the provisions of this provision will therefore be specifically excluded for the first year in determining whether the proper amount of tax that may be raised under the Political Subdivision Budget Limit Act of 1979, Neb.Rev.Stat. § 77-3412 et seq. (Supp. 1980).
This means of course that a political subdivision simply excludes that portion of any such levy which is imposed in the first year under this increased levying authority. This of course does not answer the question of whether or not whether such districts could increase their mill levy to account for the creation as new control areas. However that question was answered in 1980 by the adoption of LB 887 now codified as Neb.Rev.Stat. § 77-3432.01 (Supp. 1980). That section provides: `Any control area created pursuant to sections 46-656 to 46-674, after December 31, 1978, shall for the first year in which funds are received from taxes imposed or levied be considered a new program for purposes of subdivision (2) of section 77-3424.' Neb.Rev.Stat. 77-3424
(Supp. 1980) excludes funds used for the first year's implementation of any new program established by state law and a control area would qualify under such an exclusion. Thus the answer to your question is that to the extent that a new control area is established or an existing control area has the tax levied upon it increased by the governing body after the effective date of LB 146, those amounts would be excluded from determining the allowable seven percent increase in an NRD's total budget.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General